IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CORNELIUS DEVON OLIVER,**

Petitioner,

v.                                                                              CASE NO. 24-3180-JWL

**STATE OF KANSAS,**

Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Cornelius Devon Oliver. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has conducted the required review and, for the reasons set forth below, concludes that this matter must be dismissed for lack of jurisdiction since it is an unauthorized second or successive petition for habeas relief.

Petitioner filed the petition currently before this Court on October 15, 2024. (Doc. 1.) Therein, he seeks relief from his 2001 convictions in the district court of Sedgwick County, Kansas of four counts of murder. *Id.* at 1. This is Petitioner's second petition in this Court for federal habeas relief under 28 U.S.C. § 2254 challenging these convictions. *See Oliver v. Cline*, Case No. 13-3192-SAC. In April 2014, this Court dismissed the first petition as time-barred, rejecting Petitioner's request for equitable tolling of the filing deadline. *Id.* at Doc. 9, 2014 WL 1655641 (D. Kan. April 25, 2014) (unpublished). Petitioner appealed the dismissal, but in August 2014, the

1

Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Oliver v. Cline*, 573 Fed. Appx. 814 (Aug. 15, 2014) (unpublished).

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Thus, this Court must determine whether the petition now before it is a "second or successive" application for relief under § 2254. It is well established that "the dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and additional cases). Thus, because Petitioner's prior § 2254 petition challenging his 2001 convictions was dismissed with prejudice as time-barred, his current petition is a second or successive petition.

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Without authorization from the Tenth Circuit, this Court lacks jurisdiction to consider a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

When a petitioner fails to obtain the required authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*. Since the first § 2254 petition challenging Petitioner's 2001 convictions was dismissed as time-barred, it is likely that the present

petition—filed more than 10 years later—is also time-barred.[1]

The Court notes that with his petition, Petitioner has filed a "Motion Requesting Permission to Proceed in Filing Time Barred 28 U.S.C. § 2254 Seeking Reconsideration and Supplementation." (Doc. 3.) Only the Tenth Circuit can authorize Petitioner to file a second or successive § 2254 petition. *See Burton*, 549 U.S. at 153. The Court will consider the contents of this motion, however, to inform the analysis of whether the interest of justice requires transfer of this matter to the Tenth Circuit instead of dismissal.

In the motion, Petitioner asks to proceed with his federal habeas claims due to "actual innocence, newly discovered evidence, and newly presented issues of ineffective assistance of trial and appellate counsel, allegations which if found to be true, would entitle him to relief." (Doc. 3, p. 1-2.) He informs the Court that in June 2022, he filed a K.S.A. 60-1507 motion in state court that asserted newly discovered evidence regarding the detective who took a videotaped statement from Petitioner that was admitted at trial but lost a diagram Petitioner drew. *Id.* at 2, 5. Specifically, Petitioner says that he argued to the state courts that there was "[n]ewly discovered evidence of [the detective] having credibility issues and his disclosure under *Brady/Giglio*." *Id.* at 5.

Petitioner also argued to the state courts instances of allegedly ineffective assistance of trial and appellate counsel, error by the trial court, prosecutorial misconduct, insufficient evidence supported his convictions, and his convictions "are unconstitutional." *Id.* at 5-6. The state district court denied the 2022 motion as successive and untimely and, in December 2023, the Kansas Court of Appeals affirmed the denial. *Id.* at 6. Petitioner's petition for review is currently pending before

---

[1] Petitioner's 2022 state-court proceeding under K.S.A. 60-1507 does not alter this analysis. The timeliness of a § 2254 petition is calculated according to "the judgment causing the habeas applicant's confinement, not merely any decision in the applicant's case." *Verge v. Williams*, 2024 WL 340394 (10th Cir. Jan. 30, 2024) (citing 28 U.S.C. § 2254(a), (b)(1), and *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). The judgment causing Petitioner's confinement occurred over 20 years ago and a denial of a petition for review in the 2022 motion under K.S.A. 60-157 will not result in a new judgment that caused the confinement.

the Kansas Supreme Court. *Id.* Petitioner advises this Court that he intends to seek federal review if the petition for review is denied. *Id.* at 6-7.

Even assuming solely for the sake of argument that Petitioner could now assert the actual innocence exception to the federal habeas statute of limitations, he has not made the required showing. To qualify for this exception, a petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This is because in this context, "[a]ctual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24. Petitioner's allegation that evidence exists relating to the detective's "credibility issues and his disclosure under *Brady/Giglio*" is not sufficiently specific. (*See* Doc. 3, p. 5.)

Moreover, Petitioner's assertion of the actual innocence exception does not alter the fact that this is a second or successive application for federal habeas relief; whether a petition is second or successive does not turn on a distinction between claims. *See Lancaster v. Bigelow*, 435 Fed. Appx. 773, 775 (10th Cir. July 28, 2011) (unpublished) (characterizing as "mistaken" the argument that "because he is raising new claims, he is not required to obtain circuit-court authorization to file his [third] § 2254 petition"). When determining whether a § 2254 petition is "second or successive," the Court focuses on the state-court judgment under which the petitioner is being held in custody, not the basis for his or her argument that the judgment is unconstitutional. Because both the petition recently filed[2] and the petition filed in 2013 challenge the 2001 convictions, the

---

[2] The Court notes that the petition filed to begin the current case appears to the same petition filed in 2013; it states that it was executed and placed in the prison mailing system on November 6, 2013. (*See* Doc. 1, p. 14.)

4

current petition is second or successive.

Accordingly, Petitioner must obtain authorization from the Tenth Circuit before filing it in this Court. Without such authorization, this Court lacks jurisdiction over this matter. *See McCullough v. Hunter*, 835 Fed. Appx. 403, 404 (10th Cir. Feb. 9, 2021) (unpublished) (holding that a petitioner "needed authorization to file any second or successive § 2254 petition, even one that contained a claim that he had not previously presented").

The Court concludes that the interest of justice does not require transfer of this petition to the Tenth Circuit. The Court will instead dismiss this matter for lack of jurisdiction. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed with this petition. Because the Court lacks jurisdiction, the motion requesting permission to proceed (Doc. 3), Petitioner's motion for leave to proceed in forma pauperis (Doc. 4), and his motion to appoint counsel (Doc. 5) will be denied as moot.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. The pending motions (Docs. 3, 4, and 5) are therefore **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 17th day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge